# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Adam Hageman,<br><br>　　　　Petitioner,<br><br>v.<br><br>Minnesota Department of Corrections,<br>Paul Schnell, Minnesota Correctional<br>Facility Stillwater, and Guy Bosch,<br><br>　　　　Respondents. | Case No. 20-CV-2662 (SRN/DTS)<br><br>**REPORT & RECOMMENDATION** |

In an order dated March 2, 2021, this Court directed Petitioner Adam Hageman to show cause as to why this habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, should not be dismissed for failure to exhaust his claims before the Minnesota state courts. *See* Order to Show Cause, Docket No. 6. Hageman was given until May 3, 2021, to show cause, failing which it would be recommended that this action be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Hageman did not respond to the Order to Show Cause, so he has not established that he exhausted his claims before the state courts, as is required by § 2254(b)(1). Therefore, this Court will recommend that the petition be dismissed without prejudice.

## FINDINGS OF FACT

In the present 71-page petition for habeas corpus relief, Hageman seeks his immediate release from the Minnesota Correctional Facility ("MCF") at Stillwater because of the risks posed by his confinement at the facility during a global pandemic. Hageman contends that the facility is overcrowded, infected inmates are comingled with inmates who test negative for COVID-19, inmates and staff fail to use personal protective

1

equipment in an appropriate manner, and inmates are unable to maintain appropriate hygiene or distancing, among other things. Hageman contends that the Respondent has failed to keep him as safe as is reasonably possible, and the failure amounts to a Due Process violation as well as a violation of many provisions of Minnesota state law.

During the initial review of Hageman's petition, this Court noted that it was not apparent from the face of the petition that Hageman had properly raised his claims before the state courts. The publicly accessible state court records show that on January 27, 2021, the Minnesota Supreme Court denied further review of Hageman's direct appeal. *State v. Hageman*, A19-1893 (Minn. Sup. Jan. 27, 2021). A review of the underlying appellate court opinion for his direct appeal showed no reference to claims about the conditions of confinement at MCF Stillwater during the global pandemic. *See State v. Hageman,* A19-1893 (Minn. Ct. App. Nov. 9, 2020). The appellate court's opinion focused solely on Hageman's argument that he was denied the right to a speedy trial. The publicly accessible state trial court records also show that Hageman has filed many post conviction petitions in the state trial court from November 2020 to present, but it appears that none of these petitions have been ruled on. *See State v. Hageman*, 49-CR-16-1124 (Morrison Cnty. 2020). On March 2, 2021, Hageman was given 60 days to demonstrate that he had exhausted the claims presented in this petition to the highest level of review before the Minnesota state courts. That deadline has now passed, and Hageman has not explained to this Court why his petition should not be rejected for his failure to raise his claims before the state court system. In fact, Hageman has not communicated with the Court about this case at all since the March 2 Order to Show Cause was issued.

## CONCLUSIONS OF LAW

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss any action for failure to prosecute if a party fails to comply with a court order. Hageman was ordered to show cause regarding the exhaustion of his claims before the state courts and he failed to respond. Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

In addition to Hageman's failure to prosecute this case, the petition could also be dismissed under the standard for review set by Rule 4 of the Rules Governing Section 2254 Proceedings in United States District Courts, and 28 U.S.C. § 2254(b)(1). Under Rule 4, this Court must promptly examine a petition, and if it appears from the face of the petition or attached exhibits that the petitioner is not entitled to relief, then this Court must recommend that the petition be dismissed. As this Court explained in the Order to Show Cause, Section 2254 petitions are subject to an exhaustion requirement. Docket No. 6 at 1. Specifically, under § 2254(b)(1) an applicant is required to exhaust the remedies available in state court before filing a petition in federal court. To satisfy the exhaustion requirement, a prisoner must fairly present all of his federal law claims to the highest available state court before seeking habeas corpus review in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). To satisfy the fair presentation requirement, "a petitioner is required to

refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue," in the presentation of his claims to the state courts. *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999). If a petition is mixed, containing exhausted and unexhausted claims, it still must be dismissed for non-exhaustion. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

As this Court noted in the Order to Show Cause, the claims raised in this case likely have not been fully exhausted before the state appellate courts. Docket No. 6 at 1-2. Hageman's petition concerns the conditions of confinement at MCF Stillwater in light of the ongoing global pandemic. Hageman seeks his release to home confinement because he argues that the conditions in MCF Stillwater and the surrounding community make his confinement at the facility unsafe. To have fairly presented his arguments to the state courts, he would need to show that he raised these issues all the way to the highest court of review in the state system. In the Order to Show Cause, this Court noted that publicly accessible dockets for the Minnesota state courts reflected two petitions for postconviction relief filed on November 12, 2020, and November 16, 2020. *See State v. Hageman*, 49-CR-16-1124 (Morrison Cnty. 2020). Since, the time of the Order to Show Cause, multiple additional petitions for postconviction relief have been docketed before the state trial court. *Id.* Without a response from Hageman to the Order to Show Cause, this Court has no way of knowing the contents of those petitions. However, regardless of the contents, because the petitions are still actively pending before the trial court, their contents are not fully exhausted before the court of highest review in Minnesota. Thus, any claims presented in the numerous underlying petitions for postconviction review are

not yet exhausted and are not yet available for review at the federal level via a § 2254 petition.

None of Hageman's post conviction filings in state court appear to be exhausted so, the only way that Hageman's present claims could have been exhausted before the Minnesota courts would be if he raised them on direct appeal. As this Court noted in the Show Cause Order, the Minnesota Supreme Court had just denied further review of his direct appeal on January 27, 2021. *State v. Hageman*, A19-1893 (Minn. Sup. Jan. 27, 2021). A review of the underlying appellate court opinion for his direct appeal showed no reference to claims about the conditions of confinement at MCF Stillwater during the global pandemic. *See State v. Hageman,* A19-1893 (Minn. Ct. App. Nov. 9, 2020). The appellate court's opinion focused solely on Hageman's argument that he was denied the right to a speedy trial. A discrete argument about speedy trial rights provided the state courts with no opportunity to rule on Hageman's present contentions about his conditions of confinement during the pandemic. Thus, Hageman did not exhaust his present claims before the state courts by pursuing a direct appeal.

Finally, this Court notes that to the extent Hageman seeks relief in his § 2254 petition regarding the conditions at MCF Stillwater, any such request is now moot because he is no longer incarcerated at that facility. A search of the Minnesota Department of Corrections Inmate Locator website shows that Hageman is currently detained at the MCF Lino Lakes facility. *See* https://coms.doc.state.mn.us/publicviewer/OffenderDetails/Index/251041/Search, last accessed on May 18, 2021. Prior to Lino Lakes, Hageman had also notified this Court that he had been transferred to MCF Faribault. Docket No. 5. He has not contended that

he expects to be returned to MCF Stillwater, accordingly, any claims for relief specific to that facility are moot.

In sum, this Court will dismiss this petition without prejudice for failure to prosecute. Alternatively, the Court could dismiss the petition under § 2254(b)(1) because Hageman has not exhausted the claims presented in this petition to the Minnesota state courts. If Hageman later exhausts his claims, this without prejudice dismissal will leave him the opportunity to file a new habeas petition subject to all the routine requirements contained in the habeas statutes.

## RECOMMENDATION

Based upon the foregoing, and on all the files, records, and proceedings herein, this Court RECOMMENDS that this action be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: May 24, 2021                                  s/David T. Schultz
                                                     DAVID T. SCHULTZ
                                                     U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).